# MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

(Motion Under 28 U.S.C. § 2255)

## Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney of transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In the motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:
   
   **Clerk, U.S. District Court**
   **District of Massachusetts**
   **1 Courthouse Way, Suite 2300**
   **Boston, MA 02210**
   
   If you want a file-stamped copy of the petition, you must enclosed an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this motion all the ground for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all grounds in this motion, you may be barred from presenting them later.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **UNITED STATES DISTRICT COURT** | **DISTRICT OF MASSACHUSETTS** |
|---|---|
| Name (*under which you were convicted*):<br><br>EVRIPIDES GEORGIADIS | Docket or Case No.: |
| Place of Confinement:<br><br>Adams County Correctional Center<br>ACCC  CA-106L<br>P.O. Box 1600<br>Washington, MS 39190-1600 | Prisoner No.:<br><br>94969-038 |

| UNITED STATES OF AMERICA | v. | EVRIPIDES GEORGIADIS |
|---|---|---|
| Respondent | | Movant |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: United States District Court for the District of Massachusetts, One Courthouse Way, Suite 2300, Boston, MA 02210.
   (b) Criminal docket or case number (if you know): 3:11-CR-30017-NMG-2.

2. (a) Date of the judgment of conviction (if you know): September 17, 2014.
   (b) Date of sentencing: September 9, 2014.

3. Length of sentence: 102 months imprisonment; and no supervised release.

4. Nature of crime (all counts): Conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (Count 1); wire fraud, 18 U.S.C. § 1343 (Counts 2-12); and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (Count 16).

5. (a) What was your plea? (Check one):
   (1) Not Guilty ☑    (2) Guilty ☐ (3) Nolo contendere ☐
   (b) If you entered a guilty plea to one count and a not guilty to another count or what did you plead guilty to and what did you plead not guilty to? N/A.

6. If you went to trial, what kind of trial did you have? (Check one):
   Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the First Circuit.

    (b) Docket or case number (if you know): Appeal Nos.: 14-1993; 15-2194.
    (c) Result: Conviction was affirmed.
    (d) Date of result (if you know): April 8, 2016.
    (e) Citation to the case (if you know): *U.S. v. Georgiadis*, 819 F.3d 4 (1st Cir. 2016).
    (f) Grounds raised:
        (1) The evidence failed to establish venue in Massachusetts; (2) the convictions were obtained through misleading unauthenticated electronic evidence; (3) the government engaged in discrimination in its use of a preemptory challenge; (4) government failed to disclose material impeachment evidence on key witnesses until mid trial; (5) the court gave an erroneous instruction on reasonable doubt; (6) the applicable Treaty does not authorize extradition for money laundering, and the money laundering conspiracy count should have been dismissed; and (7) the sentence imposed by the district court was unreasonable.
    (g) Did you file a petition for certiorari in the United Supreme Court?     Yes ☑     No ☐
        If "Yes," answer the following:
        (1) Docket or case number (if you know): Case No. 16-5153.
        (2) Result: Petition for certiorari was denied without review.
        (3) Date of result (if you know): October 3, 2016.
        (4) Citation to the case (if you know): *Georgiadis v. U.S.*, 2016 WL 3767120.
        (5) Grounds raised:
            (1) Whether Petitioner was extradited to the United States in violation of the applicable Treaty with the Kingdom of Servia; and (2) whether the Court of Appeals erred in finding that the District of Massachusetts was a proper venue for this prosecution?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?     Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information: N/A
    (a) (1) Name of the court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):
        (4) Nature of proceeding:
        (5) Grounds raised:
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐     No ☐
        (7) Result:
        (8) Date of result (if you know it):
    (b) If you filed any second motion, petition, or application, give the same information:
        (1) Name of court: N/A.
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):
        (4) Nature of the proceeding:
        (5) Grounds raised:
        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐     No ☐
        (7) Result:
        (8) Date of Result (if you know):
    (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A

      (1) First petition:   Yes ☐   No ☐
      (2) Second petition: Yes ☐   No ☐
  (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL IN VIOLATION OF PETITIONER'S RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

I. Counts 1 and 16 of the superseding indictment charged conspiracies to commit wire fraud, in violation of 18 U.S.C. § 371, and to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957, respectively; and Counts 2-15 charged 14 substantive counts of wire fraud. Petitioner was extradited from the Republic of Croatia to the United States in December 2012, to be prosecuted on those charges. Counsel did not object to nor raise the following issues in pretrial, trial, or appellate proceedings:

II. **The Validity of the 1901/02 Serbia/United States' Extradition Treaty**

(A) The Republic of Croatia was never, and is not a part of, the Kingdom of Servia (or "Serbia"), and Croatia is not the legal successor of the Kingdom of Servia; (B) no ratified extradition Treaty existed between the United States and Croatia; (C) the extradition Treaty of 1901/02 between the United States and the Kingdom of Serbia, signed in Belgrade in October 1901 and ratified by Belgrade in May 1902, is not a valid nor effective Treaty between the United States and Croatia; (D) even if the 1901/02 Serbian Treaty could be legally enforced by Croatia, conspiracy is not a delineated extraditable offense under that Treaty, neither any of the offenses cited in the Decision for Extradition; (E) the Croatian Government improperly extradited Petitioner for conspiracy to commit computer fraud and computer fraud, which were not charged in the indictment, and none of the offenses cited in the indictment are enumerated in the 1901 Serbian Treaty; and Kingdom of Servia never named Croatia to be its successor state (F) the breach of International Law and Treaty; (G) bad faith; (H) false statements; (I) political character; (J) diplomatic channels without merit over Petitioner's case; and (K) vindictive prosecution. The United Nations Convention Against Transnational Organized Crime ("UNTOC") was not ratified and was disregarded by Croatia in the extradition proceedings. (*See infra* and Memorandum of Law in Support).

III. **Governmental Misconduct, *Brady* Violation and Fraud on the Court**

The United States Government failed to disclose the original 1901/02 Treaty between the United States and the Kingdom of Servia, which did not list any of the conspiracies with which Petitioner is charged as extraditable offenses; and failed to disclose the Diplomatic Note requesting Petitioner's extradition, in which the Government admitted that these crimes were not extraditable offenses; and other *Brady* materials. (*See* Memorandum of Law).

IV. **Violation of Petitioner's Due Process and Speedy Trial Act Rights**

Petitioner made his initial appearance before a magistrate judge on February 15, 2013, arraigned on February 19, 2013, and Attorney Andrew G. Levchuk was appointed to represent Petitioner. (*See* Doc. ## 85, 91, 93). From April 1, 2013 through February 5,

2014, the Government requested, and the District Court granted, several excludable delays (*see* Doc. ## 109, 113, 114, 128, 142, 144, 149, 170, 177), and trial eventually commenced on April 22, 2014. (*See* Doc. ## 243, 281). Counsel did not file a motion to dismiss on speedy-trial grounds. (*See infra* and Memorandum of Law in Support, filed herewith).

### V. The Duplicity and Multiplicity of the Superseding Indictment

Count 16 of the superseding indictment charges Petitioner with two conspiracies in the same count, *i.e.*: (A) conspiracy to commit offenses under 18 U.S.C. § 1956; and (B) conspiracy to commit offenses under § 1957. (*See* Doc. # 10, pp. 24-25). The charge in part A of Count 16 is duplicitous of the charge in part B and encompasses the same events. Furthermore, the charges in Counts 2 through 15 are multiplicitous because they charged the same offense, *i.e.*: Petitioner "devised and intending to devise a scheme and artifice to defraud . . . by means of wire communications in interstate commerce . . . " (Doc. # 10, p. 21). (*See infra* and Memorandum of Law in Support, filed herewith).

### VI. The District Court's Failure to Provide a Verbatim Interpreter

The Petitioner's is a Greek national whose language is Greek and who has, at his best, a very limited command of the English language. The issue of providing an interpreter for Petitioner was discussed on several occasions; no verbatim interpreter was provided for simultaneous interpretation; and only a standby interpreter was provided for trial.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed the judgment of conviction, did you raise this issue?
      Yes ☐          No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
      Counsel did not raise the issues in the initial brief on direct appeal. However, issues of ineffective assistance counsel, which were not first developed in the district court, is inappropriate on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion or application?
      Yes ☐          No ☑
  (2) If your answer to Question (c)(1) is "yes", state:
      Type of motion or petition: N/A.
      Name and location of the court where the motion or petition was filed:
      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):
  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐          No ☐
  (4) Did you appeal the denial of your motion, petition, or application?
      Yes ☐          No ☐
  (5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
      Yes ☐          No ☐
  (6) If your answer to Question (c)(4) is "Yes", state:
      Name and location of the court where the appeal was filed:
      Docket or case number (if you know):
      Date of court's decision:
      Result (attach a copy of the court's opinion or order, if available):
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue: N/A.

**GROUND TWO:**

THE CROATIAN GOVERNMENT IMPROPERLY EXTRADITED PETITIONER FOR COMPUTER FRAUD; AND THE UNITED STATES GOVERNMENT COMMITTED FRAUD ON THE COURT BY MISREPRESENTING THE 1901/02 EXTRADITION TREATY BETWEEN THE UNITED STATES AND THE KINGDOM OF SERVIA AS AN EFFECTIVE EXTRADITION TREATY BETWEEN THE UNITED STATES AND CROATIA IN 2011/12

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

The extradition request in this case was made pursuant to a Treaty between the United States and Kingdom of Serbia which was signed in 1901 and ratified in 1902. At that time, Croatia was a separate state but a part of the Austro-Hungarian Empire and had been for several hundred years. Croatia had a separate legislature and Croat was the official language. Its judicial system was entirely autonomous as well as its 'home' department. Its foreign affairs were handled by Austria-Hungary. This continued until the commencement of the first World War, on June 28, 1914. Croatia was not a part of and had no alliance with Serbia. During the entire period in which Croatia was a part of the Austro-Hungarian Empire, Croatia made efforts to secure greater autonomy and independence. Slovania, Herzgovnia, Dalmatia and Bosnia were also then a part of the Austro-Hungarian Empire. Croatia was part and parcel of the Central Powers and fought against Serbia in World War I.

After World War I, both the Kingdom of Serbia and the Austro-Hungarian Empire ceased to exist as independent political entities. In April of 1941 Croatia declared its *independence,* united with Axis-Nazi Power States, and had subsequently declared war against the Kingdom and the Serbs. The United States had declared war against Germany, Central Power Allies/Nazi-Axis Forces, which includes Croatia, in both WWI and WWII. Yugoslavia, after World War II, became the Federal Socialist Republic Yugoslavia, and annexed Croatia and several other states under the communistic leadership of Marshall Tito. Thereafter, the republic had another change of name and became the Socialist Federal Republic of Yugoslavia ("SFRY"). At the end of the 1980's, the SFRY began to fall apart with the collapse of Communism in Eastern Europe. The Republic of Croatia declared its independence in 1991, civil war erupted between Serbs and Croats. Croatia terminated all legal and state relations with Serbia. As cited by U.S. Department of State in Cessation of Relations, 1992: *SFRY has dissolved without any successor state, thus terminating relations between the United States and the SFRY.*

Croatia was not a contracting party nor signatory to the 1901/02 Treaty. and Kingdom of Servia never named Croatia to be its successor state. That Treaty was never ratified by the United States in regard to Croatia, nor by Croatia in regard to the United States. In addition to not being a signatory, Croatia has abandoned the Serbia Treaty on two occasions: (a) in the Declaration of Independence of 1991; and (b) in the Dayton Agreement of 1995. The Petitioner was not arrested within the territory of Serbia, but in what was known in 1901 as territory of the Kingdom of Dalmatia, which was forcibly annexed to the Austo-Hungarian Empire. None of the conspiracy offenses for which Petitioner was extradited are enumerated in the Serbian Treaty of 1901/02, as admitted by the United States Government in its Diplomatic Note to the Croatian Government, requesting Petitioner's extradition. Neither a certified copy of the original of the 1901/02 extradition Treaty, signed by the United States and the Kingdom of Serbia in both Serbian and English, nor the Diplomatic Note was presented to the defense or before the Court. (*See* Memorandum of Law in Support, filed herewith).

(b) **Direct Appeal of Ground Two:**
  (1) If you appealed the judgment of conviction, did you raise this issue?
      Yes ☐          No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
      Neither trial nor appellate counsel raised the issue; consequently, Petitioner asserts that this failure of counsel constitutes ineffective assistance of both trial and appellate counsel; and, as such, issues of ineffective assistance of counsel are better suited for collateral attack.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion or application?
      Yes ☐          No ☑
  (2) If your answer to Question (c)(1) is "yes", state:
      Type of motion or petition: N/A.
      Name and location of the court where the motion or petition was filed:
      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):
  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐          No ☐
  (4) Did you appeal the denial of your motion, petition, or application?
      Yes ☐          No ☐
  (5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
      Yes ☐          No ☐
  (6) If your answer to Question (c)(4) is "Yes", state:
      Name and location of the court where the appeal was filed:
      Docket or case number (if you know):
      Date of court's decision:
      Result (attach a copy of the court's opinion or order, if available):
  (7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue: N/A.

**GROUND THREE:**

THE GOVERNMENT FAILED TO DISCLOSE AND FILE THE ORIGINAL 1901/02 TREATY BETWEEN THE UNITED STATES AND KINGDOM OF SERVIA, THE DIPLOMATIC NOTE REQUESTING PETITIONER'S EXTRADITION, AND OTHER *BRADY* MATERIALS, IN VIOLATION OF *BRADY V. MARYLAND*

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

**EXTRADITION TREATY 32 Stat. 1890; Treaty Series 406**
   The Treaty between the United States and the Kingdom of Serbia for the extradition of fugitives from justice, signed on October 25, 1901, ratified at Belgrade on May 13, 1902, proclaimed by the United States on May 17, 1902, and entered on June 12, 1902, states, in relevant parts that:

**Article I**
   The Government[s] of the United States and . . . Servia mutually agree to deliver up

persons who, having been charged with or convicted of any of the crimes and offenses specified in the following article, . . . : Provided, that this shall only be done upon such evidence of criminality as, according to the laws of the place where the fugitive or person so charged shall be found, would justify his or her apprehension and commitment for trial.

**Article II**

Extradition shall be granted for the following crimes and offenses:
1. Murder, comprehending assassination, . . .
2. Arson.
3. Robbery, . . .; burglary, . . .; housebreaking . . .
4. Forgery, or utterance of forged papers; . . .
5. The counterfeiting, falsifying or altering of money, . . .
6. Embezzlement by public officers; . . . by persons hired or salaried . . .
7. Fraud or breach of trust by a bailee, banker, agent, factor, trustee, . . .
8. Perjury; subornation of perjury.
9. Rape; abduction; kidnapping.
10. Willful and unlawful destruction or obstruction of railroads . . .
11. Crimes committed at sea: . . . Revolt, or conspiracy to revolt, . . .
12. Crimes and offenses against the laws of the United States . . . .

**Article VIII**

No person surrendered by either of the high contracting parties to the other shall, without his consent, freely granted and publicly declared by him, be triable or tried or be punished for any crime or offense committed prior to his extradition, other than that for which he was delivered up, until he shall have had an opportunity of returning to the country from which he was surrendered.

**DIPLOMATIC NOTE**

The Diplomatic Note issued by the Embassy of the United States in Zagreb, Croatia, on June 11, 2012, states, in relevant part, that:

> The offense of wire fraud is covered as an extraditable offense under Article II, Item 6 of the Treaty. While not listed in the bilateral Extradition Treaty, the conspiracy charges with which the Georgiadis is charged are covered by the United Nations Convention Against Transnational Organized Crime of November 15, 2000 (the "UNTOC Convention") . . . . (See Memorandum of Law in Support, filed herewith).

(b) **Direct Appeal of Ground Three:**

  (1) If you appealed the judgment of conviction, did you raise this issue?
   Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
   Neither trial nor appellate counsel raised this issue. Consequently, Petitioner asserts counsel's failure constitutes ineffective assistance; and such issue, as is customary, is better suited for collateral review.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion or application?
   Yes ☐   No ☑
  (2) If your answer to Question (c)(1) is "yes", state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed:
   Docket or case number (if you know):
   Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐          No ☐

(4) Did you appeal the denial of your motion, petition, or application?
Yes ☐          No ☐
(5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
Yes ☐          No ☐
(6) If your answer to Question (c)(4) is "Yes", state:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue.

**GROUND FOUR:**

THE VIOLATION OF PETITIONER'S CONSITUTIONAL AND SPEEDY TRIAL ACT RIGHTS TO A SPEEDY TRIAL

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner made his initial appearance before a magistrate judge on February 15, 2013, arraigned on February 19, 2013, and Attorney Andrew G. Levchuk was appointed to represent Petitioner. (*See* Doc. ## 85, 91, 93). From April 1, 2013 through February 5, 2014, the Government requested, and the District Court issued orders granting, several excludable delay of time for the purposes of speedy-trial. (*See* Doc. ## 109, 113, 114, 128, 142, 144, 149, 170 and 177). The Court eventually set trial for, and trial commenced on April 22, 2014. (*See* Doc. ## 243, 281). Counsel did not oppose the government's motions for the delay of trial nor file a motion to dismiss on speedy-trial grounds, despite the over 14 months' time-lapse between initial appearance and trial, which should have began within 70 days after initial appearance. (*See* Memorandum of Law in Support, filed herewith).

(b) **Direct Appeal of Ground Four:**
(1) If you appealed the judgment of conviction, did you raise this issue?
Yes ☐          No ☑
(2) If you did not raise this issue in your direct appeal, explain why:
Neither trial nor appellate counsel raised this issue. Thus, Petitioner asserts that counsel's failure constitutes ineffective assistance; and such issue, as is customary, is better suited for collateral review.

(c) **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion or application?
Yes ☐          No ☑
(2) If your answer to Question (c)(1) is "yes", state:
Type of motion or petition: N/A.
Name and location of the court where the motion or petition was filed:
Docket or case number (if you know):

       Date of the court's decision:
       Result (attach a copy of the court's opinion or order, if available):
- (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐         No ☐
- (4) Did you appeal the denial of your motion, petition, or application?
  Yes ☐         No ☐
- (5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
  Yes ☐         No ☐
- (6) If your answer to Question (c)(4) is "Yes", state: N/A.
  Name and location of the court where the appeal was filed:
  Docket or case number (if you know):
  Date of court's decision:
  Result (attach a copy of the court's opinion or order, if available):
- (7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue: N/A.

**GROUND FIVE:**

**THE INDICTMENT IS DUPLICITOUS AND MULTIPLICITOUS WHERE THE GOVERNMENT CHARGED THE SAME OFFENSE IN MULTIPLE COUNTS AND CHARGED TWO OR MORE OFFENSES IN ONE COUNT**

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

    Count 16 of the superseding indictment charges Petitioner with two conspiracies: (A) "to commit offenses under Title 18, United States Code, Section 1956 and 1957, . . . in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i)" (Doc. # 10, p. 24); and (B) ". . . in violation of Title 18, United States Code, Section 1957" (*id.* at p. 25). The charge in part A of Count 16 is duplicitous of the charge in part B of the same conspiracy count, and encompasses the same events. While the charges in Counts 2 through 15 are multiplicitous, charging the same offense, *i.e.*, that Petitioner "devised and intending to devise a scheme and artifice to defraud . . . by means of wire communications in interstate commerce for the purpose of executing such scheme . . . " (Doc. # 10, p. 21). (*See infra* and Memorandum of Law in Support, filed herewith).

(b) **Direct Appeal of Ground Five:**
- (1) If you appealed the judgment of conviction, did you raise this issue?
  Yes ☐         No ☑
- (2) If you did not raise this issue in your direct appeal, explain why:
  Neither trial nor appellate counsel raised this issue. Thus, Petitioner asserts that counsel's failure constitutes ineffective assistance; and such issue, as is customary, is better suited for collateral review.

(c) **Post-Conviction Proceedings:**
- (1) Did you raise this issue in any post-conviction motion or application?
  Yes ☐         No ☑
- (2) If your answer to Question (c)(1) is "yes", state:
  Type of motion or petition: N/A.
  Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐      No ☐
(4) Did you appeal the denial of your motion, petition, or application?
    Yes ☐      No ☐
(5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
    Yes ☐      No ☐
(6) If your answer to Question (c)(4) is "Yes", state: N/A.
    Name and location of the court where the appeal was filed:
    Docket or case number (if you know):
    Date of court's decision:
    Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue: N/A.

## GROUND SIX:

THE PETITIONER WAS DENIED DUE PROCESS DURING PRETRIAL, TRIAL, AND POST-TRIAL PROCEEDINGS, WHERE HE WAS NOT PROVIDED WITH ANY TRANSLATER AT ALL, AND ONLY A STANDBY TRANSLATER AT TRIAL

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim.):
    Petitioner is a Greek resident, his main language is Greek and he has, at his best, a very limited command of the English language. At his Initial Appearance before the United States Magistrate Judge in the District of Massachusetts, Petitioner indicated to the Court that, although he thinks he is able to understand the proceedings at that point, he would need an interpreter for future proceedings. The Court directed the clerk to find a Greek interpreter for future hearing dates. (Doc. # 85). No interpreter was provided even for the Arraignment or any subsequent proceedings, except a standby interpreter was provided for trial, not a verbatim interpreter as required. (*See* Doc. ## 243-281) (*See also* Memorandum of Law in Support, filed herewith).

(b) **Direct Appeal of Ground Six:**
  (1) If you appealed the judgment of conviction, did you raise this issue?
    Yes ☐      No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
    Neither trial nor appellate counsel raised this issue. Thus, Petitioner asserts that counsel's failure constitutes ineffective assistance; and such issue, as is customary, is better suited for collateral review.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion or application?
    Yes ☐      No ☑
  (2) If your answer to Question (c)(1) is "yes", state:
    Type of motion or petition: N/A.

AO 243 (Rev. 01/15)                                                                                                              Page 12

        Name and location of the court where the motion or petition was filed:
        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):
   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐         No ☐
   (4) Did you appeal the denial of your motion, petition, or application?
      Yes ☐         No ☐
   (5) If your answer to Question (c)(4) is "Yes", did you raise the issue in the appeal?
      Yes ☐         No ☐
   (6) If your answer to Question (c)(4) is "Yes", state: N/A.
      Name and location of the court where the appeal was filed:
      Docket or case number (if you know):
      Date of court's decision:
      Result (attach a copy of the court's opinion or order, if available):
   (7) If your answer to Question (c)(4) or Question (c)(5) is "No", explain why you did not appeal or raise the issue: N/A.

13. Is there any ground in this motion that you have *not* previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    The grounds in this motion were either not presented at all to any court, or were not submitted in the context that they are presented here today, by reasons of ineffective assistance of pretrial, trial, and appellate counsel.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the issue you are challenging?  Yes ☐    No ☑
If "Yes", state the name and location of the court, the docket or case number, the of proceeding, and the issues raised. N/A.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the proceeding you are challenging:

    (a) At preliminary hearing:
        Alan J. Black, 30 Pleasant Street, Unit 3, Northhampton, MA 01060.
    (b) At the arraignment and plea:
        Andrew G. Levchuk, Bulkley Richardson & Gelinas, 1500 Main Street,
Suite 2700, P.O. Box 15507, Springfield, MA 01115-5507.
    (c) At the trial: Andrew G. Levchuk, and Carol E. Kamm, Bulkley Richardson
& Gelinas, 125 High St., Oliver Street Tower, 16th Fl., Boston, MA 02110.
    (d) At sentencing: Same.
    (e) On Appeal: Andrew G. Levchuk, Bulkley Richardson & Gelinas.
    (f) In any post-conviction proceeding: N/A
    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑        No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑
   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A
   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   Motions under § 2255 are subject to a one-year period of limitation that, absent new factual or legal developments, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *Butterworth v. U.S.*, 775 F.3d 459, 463, 468 (1st Cir. 2015) (citing *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (collecting cases for the proposition that "a conviction becomes final—and the one-year period therefore starts to run—for purposes of § 2255(f)(1) when a petition for certiorari is denied") (citing *Clay v. United States*, 537 U.S. 522, 524, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003))); *see Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) ("[w]ith respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.") (internal quotation marks omitted); *see also United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001) (holding that "it is generally accepted that, for a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits."). Petitioner's judgment became final on October 3, 2016, when his petition for a writ of certiorari was denied by the United States Supreme Court. *See Georgiadis v. United States*, 2016 WL 3767120 (2016). Petitioner's § 2255 motion, filed on or before October 3, 2017, is within the one-year period of limitation and, therefore, timely filed.

---

\*

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such Governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

   Therefore, Movant asks that the Court grant the following relief: (1) an evidentiary hearing on the violations of Petitioner's constitutional rights to effective assistance of counsel; (2) vacatur of the conviction and sentence based upon the violations of the Fifth and Sixth Amendments rights, and

AO 243 (Rev. 01/15)

Page 14

Speedy Trial Act right; (3) dismissal of the order of extradition, as it was requested in bad faith, and was improperly granted; (4) dismissal of the indictment based upon Governmental bad faith, misconduct, withheld evidence and *Brady* violations; (5) dismissal of the indictment based upon duplicity and multiplicity of the indictment; and (6) a new trial based upon the denial due process where Petitioner was not provided with any translator at all during pretrial and post-trial proceedings, and only with a standby translator at trial;

or any other relief to which Movant may be entitled.

_____
Signature of Attorney (if any)

Petitioner does not have an attorney, is proceeding *pro se*, with the assistance of the ACCC Law Library Clerk, Terrence Paul Robinson, Paralegal of Ashworth University October 2010-September 2011, Student Id. No. L1000307.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on September 30, 2017.

Executed (signed) on: this 30th day of September in the Year of Our Lord Two Thousand and Seventeen

_____
Signature of Movant

Evripides Georgiadis, #94969-038
ACCC  CA-106L
P.O. Box 1600
Washington, MS  39190-1600

If the person signing is not Movant, state relationship to Movant and explain why Movant is not signing this motion.

Petitioner completes this motion with the assistance of Robinson, but Petitioner signs this motion by and for himself.